# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2012

No. 11-60813
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL LANCE PERSAC,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CR-117-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Lance Persac, a mortgage broker, pleaded guilty of conspiring with others to commit wire and mail fraud to facilitate the approval and issuance of residential mortgage loans to possibly unqualified borrowers. The district court sentenced Persac to a 30-month term of imprisonment and to a three-year period of supervised release.

Persac has appealed his sentence. He contends that the district court erred in determining the amount of the loss attributable to his fraudulent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct and that the court erred in admitting, during the sentencing hearing, Government Exhibit PE-1, which was a spreadsheet prepared by an Internal Revenue Service (IRS) Special Agent listing and summarizing disputed loss amounts.

The district court's methodology in reaching its loss calculation at sentencing is governed by the advisory federal Sentencing Guidelines. *United States v. Goss*, 549 F.3d 1013, 1016 (5th Cir. 2008). After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). The district court's interpretation or application of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *Id.* at 472. "There is no clear error if the district court's finding is plausible in light of the record as a whole." *United States v. Harris*, 597 F.3d 242, 250 (5th Cir. 2010) (internal quotation marks and citation omitted). This court reviews "de novo the district court's method for determining loss, while clear error applies to the background factual findings that determine whether or not a particular method is appropriate." *United States v. Brooks*, 681 F.3d 678, 713 (5th Cir. 2012) (internal quotation marks and citation omitted), *petitions for cert. filed* (Aug. 9 and 12, 2012) (Nos. 12-5812 and 12-5847). The district court is only required to make a reasonable estimate of loss and its findings are entitled to appropriate deference. *Id.* at 713-14; *see also Goss*, 549 F.3d at 1019; U.S.S.G. § 2B1.1, comment. (n.3(C)) (2010).

Under the Guidelines, financial losses are determined by using the greater of actual loss or intended loss. § 2B1.1, comment. (n.3(A)). In *Goss*, we determined that actual loss in a mortgage fraud case is "determined by deducting the value of the collateral from the total loan amounts." *United States v. Murray*, 648 F.3d 251, 255 (5th Cir. 2011) (discussing *Goss*, 549 F.3d at 1017-18), *cert. denied*, 132 S. Ct. 1065 (2012); *see also* § 2B1.1, comment. (n.3(E)(ii).

We stated that, in determining the amount of the actual loss in cases involving fraudulently procured mortgage loans, sentencing courts should "examine each loan individually in order to determine the fair market value of the loan's collateral and whether it should be deducted." *Goss*, 549 F.3d at 1018.

The district court found that, as a result of Persac's fraudulent conduct, the lenders suffered actual losses when borrowers failed to pay their loans as agreed and when the lenders wrote down the principal balances of loans in settlement of civil litigation brought against them by borrowers complaining of predatory lending practices. The losses were determined by examining either (1) the proceeds recovered by the lender after foreclosing and/or selling the collateral securing the loans as real estate owned or (2) the losses claimed by the lenders. Based on the probation officer's findings in the presentence report and testimony presented by the Government at a sentencing hearing, the district court found that the total loss related to loans brokered by Persac was $574,413.99, which fell within the range of $400,000 and $1,000,000 on the guideline loss table and resulted in a 14-level increase in Persac's offense level. *See* U.S.S.G. § 2B1.1(b)(1)(H).

He argues that the district court's methodology for determining the loss was not consistent with this court's opinion in *Goss*, because the district court did not ascertain the amount of the actual losses sustained by the lenders. Persac contends that Government Exhibit PE-1 should not have been admitted into evidence and considered by the district court in determining the loss because it was based on incomplete and unreliable information.

Persac's main contention is that the district court erred in determining the losses sustained with respect to the loans that were modified in settlement of the civil litigation. He notes that the reasons why the lenders entered into the loan modifications are unknown, and he contends that the mere fact that the principal balances in the modified loans were reduced provides an inadequate basis for determining that the lenders sustained losses on those loans. Persac

complains that the district court did not consider, in analyzing the loss related to the 12 loans that were modified, that the collateral securing the loans was not liquidated and that the borrowers continued to make payments. He contends that, as a result of the post-modification payments by the lenders, the original loan amounts "will probably ultimately be fully recovered by the lenders." In a related argument, Persac contends for the first time on appeal that the lenders improperly included lost interest in estimating the amount of their loss on the modified loans. He argues, "If the lender is going to get its principal back on the modified loans, then there is no 'unpaid principal' on those loans, and the only reason there is 'a loss on the original amount of the loan' . . . is because the lender is counting interest the lender will not receive." He complains also that the district court failed to consider principal and interest payments made by the borrowers prior to foreclosure or modification. Persac contends that he should not have been held accountable for losses resulting from the failure of some borrowers to make payments prior to modification or foreclosure on advice of counsel related to the civil litigation. Persac complains that the district court's findings were based in large part on information provided by the lenders. Noting that the lenders had been accused of engaging in predatory lending, he implies that the information provided by them is unreliable. He contends that the lenders would have been motivated to inflate their losses for tax reasons. We have considered Persac's contentions and have concluded that they are without merit.

"In determining a sentence, the district court is not bound by the rules of evidence and may consider any relevant information without regard to its admissibility provided the information considered has sufficient indicia of reliability." *United States v. Taylor*, 277 F.3d 721, 723-24 (5th Cir. 2001). Government Exhibit PE-1 was incorporated in the presentence report. The presentence report "generally bears sufficient indicia of reliability to be considered by the trial court as evidence in making the factual determinations

required by the sentencing guidelines." *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995) (internal quotation marks and citation omitted).  Although the relevance and reliability of the exhibit is properly before the court, the admissibility of the exhibit, as an evidentiary matter, is beside the point and has not been considered.  *See id.*

In support of his contention that he should be credited for the post-modification payments of the borrowers who remained in possession of their homes, Persac relies on the court's statement in *Goss*, that, in determining the loss in a case involving mortgage fraud, the district court should "deduct the fair market value of collateral likely to be recovered from the total value of the loans." *Goss*, 549 F.3d at 1019.  He also relies on this court's opinion in *Murray*, 648 F.3d at 255.

The unrebutted evidence presented at the sentencing hearing showed that the losses in this case were based on the unpaid principal balances (UPBs) of 22 loans brokered by Persac.  Any pre-foreclosure or pre-modification payments of principal by the borrowers were reflected in the UPBs.  The UPBs of 12 of the loans were modified and written down prior to the sentencing hearing in settlement of the civil litigation brought by the borrowers against the lenders. Sums by which those loans were written down were forgiven and could never be recovered from the borrowers.  Post-modification payments by the borrowers were in satisfaction of the remaining principal balance and interest accruing on that balance only.

Because the principal balances were modified, the sums forgiven by the lenders were no longer secured by the collateral and the lenders could not have liquidated the collateral in satisfaction of those forgiven debts.  For that reason, *Goss* and *Murray* are inapposite and no credit related to the value of the collateral was appropriate with respect to the modified loans.  *See Goss*, 549 F.3d at 1018 (recognizing that it is not always appropriate to give a credit for the value of collateral).  Because the borrowers' post-modification payments were in

satisfaction of the post-modification unpaid principal and interest accruing thereon only, those payments were irrelevant to the question whether the lenders sustained a loss with respect to sums that were forgiven pursuant to the settlement agreement. Persac's contentions that he should not have been held accountable for losses resulting from the failure of some borrowers to make payments prior to modification or foreclosure on advice of counsel related to the civil litigation and that the information provided by the lenders was inherently unreliable are speculative and have no support in the record. There is no evidence that the lenders inflated the amount of its losses or that the information provided by them was inaccurate.

Persac has not shown that the district court erred in determining that the lenders sustained pecuniary losses when they modified loans in settlement of the civil litigation; nor has he shown that the district court's finding that the losses were equal to the amount by which the loans were written down was an unreasonable estimate of the amount of the lenders' losses on those loans. *See Brooks*, 681 F.3d at 713-14; § 2B1.1, comment. (n.3(A)(i)). Persac has failed to show that the district court committed a procedural error in determining the amount of the lenders' losses at sentencing and he has failed to show that the district court's estimate of the amount of the losses was unreasonable. *See Brooks*, 681 F.3d at 713-14; *Johnson*, 619 F.3d 471-72. Accordingly, the judgment of the district court is AFFIRMED.